ERIC GRANT
United States Attorney
DAVID GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PRESTON NELSON-KESTNER,<br><br>　　　　Defendant. | Case No: 1:25-CR-00096-JLT-SKO<br><br>STIPULATION AND ORDER FOR CONTINUANCE OF STATUS CONFERENCE<br><br>DATE: December 3, 2025<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

This case is scheduled for a status conference on September 3, 2025, before United States Magistrate Judge Sheila K. Oberto. Since the hearing was scheduled, the government has provided written discovery and facilitated review of contraband evidence at the Fresno FBI office. In addition, the parties have had initial communications about potential resolutions for the case. The proposed continuance would provide the parties with sufficient time to continue to review evidence and plea negotiations or, if necessary, pick a mutually convenient trial date.

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or

finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The Ninth Circuit has enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances. *United States v. Olsen*, 21 F.4th 1036, 1047 (9th Cir. 2022). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendand has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with [a] virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id.*

In light of the factors above, this court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7). When continued, this court should designate a new date for the hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, accordingly stipulate as follows:

1. By this stipulation, the parties agree that the next court date be on December 3, 2025. The parties also agree to exclude time between September 3, 2025, and December 3, 2025, under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv).

2. The parties agree, and request that the Court find the following:

    a) The defense requests additional time to continue to review discovery and to decide how best to resolve the case in light of a recent review of contraband images and evidence. The government does not object to the continuance and joins in the request because its investigation has been continuing.

    b) Based on the above-stated findings, the ends of justice served by continuing the

case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    c)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from September 3, 2025, to December 3, 2025, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at the request of the parties on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: August 26, 2025                    /s/ Galatea DeLapp
                                                   Galatea DeLapp
                                                   Attorney for defendant
                                                   Preston Nelson-Kestner

Dated: August 26, 2025                    ERIC GRANT
                                                   United States Attorney

                                                   /s/ David Gappa
                                                   David Gappa
                                                   Assistant U.S. Attorney

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PRESTON NELSON-KESTNER,<br><br>Defendant. | Case No: 1:25-CR-00096-JLT-SKO<br><br>ORDER<br><br>DATE: December 3, 2025<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

**ORDER**

For the reasons stated in the parties' stipulation and in light of the Defendant's arraignment on May 15, 2025, the Court finds good cause to continue the status conference to December 3, 2025.

The status conference scheduled for September 3, 2025, is hereby vacated. The Court also finds good cause to exclude time between September 3, 2025, and December 3, 2025, pursuant to 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv).

The parties shall be prepared to select a mentally agreeable trial at the December 3, 2025, status conference.

IT IS SO ORDERED.

Dated:   **August 28, 2025**         /s/ *Sheila K. Oberto*
                                                                 UNITED STATES MAGISTRATE JUDGE

4